UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00296-MR

| | |
|---|---|
| KAYIE SHAUNE D. WRIGHT,   )<br>   )<br>   Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>THOMAS A. HAMILTON,   )<br>   )<br>   Defendant.   )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

**I.    BACKGROUND**

Pro se Plaintiff Kayie Shaune D. Wright ("Plaintiff") is a North Carolina state inmate currently incarcerated at Tabor Correctional Institution ("Tabor CI") in Tabor City, North Carolina. He filed this action on October 13, 2020, pursuant to 42 U.S.C. § 1983, naming Thomas Hamilton, identified as the Unit Manager of E-Unit at Marion Correctional Institution, as the sole Defendant. [Doc. 1]. Plaintiff alleges that, on June 5, 2019 at approximately 9:00 a.m., while Plaintiff was in full restraints, Plaintiff was escorted by Defendant Hamilton from the shower area to a cell. While inside the cell but

before Hamilton secured it and while Plaintiff remained in full restraints, Plaintiff faced the door, "being of no 'aggressive state.'" Defendant Hamilton then sprayed Plaintiff's facial area with O.C. pepper spray, even though Plaintiff was "not in any way attempting to cause harm" nor was it necessary to restore discipline. [Doc. 1 at 3, 4]. This caused Plaintiff a "fear of well being injury and emotional distress immediately." [Id. at 3]. Plaintiff was escorted to the shower for decontamination. He remained in restraints and in his clothing while placed in the shower, which caused the pepper spray to "expand[ ] (with connection of water!) over [his] body" causing his "facial area to [his] feet to 'burn' of heating of O.C. pepper spray with abnormal breathing." [Id. at 4]. Plaintiff further alleges that no medical assessment was provided and that he, therefore sought protective custody, which Defendant Hamilton denied. [Id.].

Plaintiff claims he suffered physical injury and is currently being treated for depression due to the alleged used of excessive force. [Id. at 4]. Plaintiff seeks compensatory damages, declaratory and injunctive relief, and costs. [Id.].

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the

grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

3

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-79 (2010).

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff states an Eighth Amendment claim against Defendant Hamilton.

Finally, however, because Plaintiff has been transferred from Marion to Tabor CI, Plaintiff's claims for injunctive relief are moot and will be dismissed. Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint against Defendant Hamilton for violation of Plaintiff's Eighth Amendment rights survives initial review.

## ORDER

Local Rule 4.3 sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Hamilton, who is alleged to be a current or former employee of NCDPS.

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Hamilton, who is alleged to be a current or former employee of NCDPS.

**IT IS SO ORDERED**.

Signed: December 7, 2020

Martin Reidinger
Chief United States District Judge